UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBIN RUDD,**

   **Plaintiff,**

v.                                           CASE NO. 4:21-cv-00103

**FOUNDATION RISK PARTNERS, CORP.,**
**d/b/a ACENTRIA INSURANCE, and**
**NATHAN MARKS,**

   **Defendants.**
_____/

## COMPLAINT

Plaintiff, ROBIN RUDD, sues the Defendants, FOUNDATION RISK PARTNERS, CORP. d/b/a ACENTRIA INSURANCE ("Acentria"), and NATHAN MARKS ("Marks"), and alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim arises under the laws of the United States. This Court has personal jurisdiction over the parties to this action because the Plaintiff has subjected herself to the jurisdiction of this Court; over Defendant Acentria, pursuant to 29 U.S.C. § 216(b), and because it is a Florida Corporation with an office for conducting business within the judicial district of this Court; and over Defendant Marks because he is domiciled in the State of Florida.

1

## VENUE

2.  Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) in that Defendant Marks resides in the judicial district of this Court, a substantial part of the events or omissions giving rise to the claim occurred within the judicial district of this Court, and the Defendants are subject to the Court's personal jurisdiction with respect to this action because Defendant Acentria maintains an office for conducting business within the judicial district of this court and thus has contacts in this district sufficient to subject it to personal jurisdiction if this district were a separate state.

## PARTIES

3.  Plaintiff Rudd is domiciled in Leon County, Florida.

4.  Defendant Marks is domiciled in Leon County, Florida.

5.  Defendant Acentria is a Florida for-profit corporation with its principal place of business at 1540 Cornerstone Blvd., Suite 230, Daytona Beach, Florida 32117, but with locations throughout the State of Florida, including the location where Plaintiff worked, 2600 Centennial Place, Suite 200, Tallahassee, Florida 32308.  Acentria's agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Defendant Acentria is in the business of brokering the sale of personal and commercial property and casualty insurance. It has annual sales in excess of $500,000.00 per year and operates in interstate commerce.

7. On or about March 3, 2019, Plaintiff became employed by Defendant Acentria at its Tallahassee, Florida office located at 2600 Centennial Place, Suite 200, Tallahassee, Florida, where she remained employed until on or about November 6, 2020. At all times material, Plaintiff was an employee of Acentria as a matter of law within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, as amended by the Portal to Portal Act, 29 U.S.C. §§ 251-262 (collectively "FLSA").

8. At all times material, Defendant Marks was a Vice President of Defendant Acentria, the local head of Acentria's Tallahassee office where Plaintiff worked, and was Plaintiff's direct supervisor who controlled Plaintiff's working hours, assignments and working conditions generally. At some point during her employment, Defendant Acentria made its employee Tammy Wise a supervisor, and Plaintiff reported to both Ms. Wise and Defendant Marks.

9. At all times material, Plaintiff's job title was a Commercial Account Representative, and her duties involved assisting the Insurance Sales Producers in servicing the customer's insurance needs, mostly renewing policies in accordance

with instructions given to her by the sales producers, Defendant Marks and Ms. Wise.

10. In her role as an employee of Defendant Acentria, Plaintiff did not manage Acentria's enterprise or a customarily recognized department or subdivision thereof; she did not direct the work of any other employees; and she had no authority to or input in hiring or firing other employees, or in making suggestions and recommendations that were given particular weight as to hiring, firing, advancement, promotion, or any other change of status of other employees.

11. In her role as an employee of Defendant Acentria, Plaintiff did not have the primary duty of performing office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and did not have the primary duty of exercising discretion and independent judgment with respect to matters of significance.

12. In Defendant Acentria's business operations, Defendant Marks was considered the overall boss of Defendant Acentria's Tallahassee operations, and in fact was the person who made the decision to hire Plaintiff.

13. At all material times, Defendant Marks was an employer, along with Defendant Acentria, within the meaning of the FLSA because he acted "directly or indirectly in the interest of the employer(s) in relation to the employee (Plaintiff),"

and exercised control over significant aspects of Plaintiff's employment with Defendant Acentria and the employment policies of Defendant Acentria.

14. At all material times, Plaintiff's duties for the Defendants involved work that averaged in excess of 40 hours per week. In violation of the FLSA, Plaintiff was not paid for any of the overtime she worked.

15. Under the terms of Plaintiff's employment, she was to be paid an initial salary of $55,000.00 per year, later raised to $56,000.00 per year, which was intended to cover 40 hours per week of work. In addition to her salary, Plaintiff received one bonus in a small amount during the first holiday season she worked. She was paid on a periodic basis by a check from Defendant Acentria.

16. The FLSA entitles Plaintiff to one and one-half times her "regular rate of pay" for each hour she worked over 40 in a week. Plaintiff's regular rate of pay is defined by the FLSA as including "all remuneration" she received for her work in any given week, divided by the number of hours the remuneration was intended to cover, in this case 40 hours. Plaintiff's "regular rate of pay," is therefore calculated by taking her salary of $55,000.00 - $56,000.00, adding to it all bonuses earned by her in a year, dividing that amount by 52, for the number of weeks in a year, and then dividing that figure by 40, the number of hours in a week.

17. For the year 2019, Plaintiff worked approximately 250 hours in excess of 40 in the workweeks during that year. In the year 2020, Plaintiff worked

approximately 312 hours in excess of 40 in the workweeks during that year, for a total of 562 hours of overtime for which she has not been paid.

18.     For the years 2019 and 2020, Plaintiff's regular rate of pay for purposes of calculating the amount she is owed for overtime is $55,000.00 - $56,000.00 (salary), divided by 52 (weeks in year), divided by 40 (working hours in week), equaling approximately $26.92, but depending on when her salary was raised and the amount of any bonus she received.  This number for Plaintiff's regular rate of pay as defined by the FLSA is an estimate because additional amounts will have to be added for any bonuses Plaintiff received during this two-year period, and it will have to be adjusted for the period before and after she received a raise. Based on this regular rate of pay figure, Plaintiff's overtime premium rate (one and one half times her regular rate of pay) is $40.38 per each hour she worked overtime in 2019 and 2020.

19.     Based on the overtime premium calculations above, Plaintiff's overtime premium pay due her for the years 2019 and 2020 is approximately $22,696.15.  This number is calculated by taking the total overtime hours (562) and multiplying by the overtime premium pay per hour ($40.38). In addition, thereto, Plaintiff is statutorily entitled to liquidated damages in an equal amount of the premium pay due her, or $22,696.15, for a total amount of $45,392.31, together with prejudgment interest and reasonable attorneys' fees.

20. Plaintiff complained to Defendants about the number of overtime hours she was working, and she was terminated from her employment because of her complaints. Plaintiff's complaints included pointing out to Defendant Marks and Ms. Wise that she was working many days through lunch without a break, and spending many nights late at work until 8 pm or 9 pm at night. Plaintiff requested that Defendant Marks get her a computer so that she could work from home, and he promised to do so, but never did. Eventually, Plaintiff became so upset at the number of hours she was working she threatened to get a lawyer involved, and she was terminated within days of this threat because of her complaints.

21. To pursue her claims raised in this complaint, Plaintiff has been required to retain legal counsel for which she is obligated to pay them a reasonable fee.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

22. Plaintiff incorporates paragraphs 1 through 21 by reference.

23. At all material times there was in full force and effect, the FLSA.

24. At all times material, Defendant Acentria had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling or otherwise working on goods or materials that were moved in or produced for commerce by a person.

25. At all times material, Defendant Acentria had revenues in excess of $500,000.00 per year, and were thus employers within the meaning of the FLSA.

26. At all times material hereto, Defendants were employers of Plaintiff within the meaning of the FLSA.

27. At all times material hereto, Plaintiff was individually engaged in commerce while working as an employee for the Defendants.

28. Plaintiff worked for Defendants from approximately March 3, 2019, through November 6, 2020.

29. Plaintiff worked for Defendants with the title of Commercial Account Representative, but with duties that entitled her to premium overtime pay.

30. Plaintiff was paid on a salary plus bonus basis at the rate of between $55,000.00 and $56,000.00 per year, plus bonuses.

31. During each of the workweeks worked by Plaintiff, Defendants failed to pay her overtime for each hour worked by Plaintiff over 40 in a week in violation of the FLSA.

32. Plaintiff worked approximately 562 hours of overtime for which Plaintiff was not paid her overtime wages in violation of the FLSA.

33. Defendants' violations were willful within the meaning of the FLSA because they either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

34. In failing to pay overtime to the Plaintiff, the Defendants did not have a good faith belief that their refusal to pay overtime to the Plaintiff were not in violation of the FLSA.

35. Plaintiff is entitled to overtime wages from the Defendants jointly and severally in the amount of her regular rate of pay, calculated as follows: First, by calculating Plaintiff's regular rate of pay per hour by taking Plaintiff's salary for a week, adding in bonuses earned by Plaintiff for such week, and then dividing the total by the number of hours Plaintiff was to have worked in a week, 40. Next, by multiplying such hourly rate by 1.5 to arrive at the premium overtime rate owed to Plaintiff (time and one-half). Then, by taking Plaintiff's overtime premium rate and multiplying such amount by the number of hours worked by plaintiff over 40 in such week.

36. In addition, Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

37. In addition, Plaintiff was required to hire legal counsel to pursue these claims, and is obligated to pay a reasonable fee for their services. Plaintiff is entitled to recover her reasonable attorneys' fees and costs incurred to pursue her claim for overtime under the FLSA, as well as recovery of pre-judgement interest on the amounts due.

## COUNT II
## RETALIATION

38. Plaintiff incorporates paragraphs 1 through 21 herein by reference.

39. The FLSA makes it unlawful to retaliate against employees who engage in protected activity, such as complaining that their employer is failing to honor their rights under the FLSA.

40. Plaintiff engaged in statutorily protected activity by complaining to Defendants about the excessive hours that she was working, which, under applicable law, were overtime hours for which she was not being paid overtime wages.

41. Defendants terminated Plaintiff's employment because she engaged in statutorily protected activity, namely, about the excessive hours that she was working, which, under applicable law, were overtime hours for which she was not being paid overtime wages.

42. Defendants' act of retaliation against Plaintiff in violation of the FLSA entitles Plaintiff to reinstatement of her job, as well as back pay, front pay, liquidated damages, compensatory and punitive damages, to the extent permitted by law, prejudgment interest, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1) that this Court cause proper process to issue requiring the Defendants and each of them to answer this Complaint;

2) that this Court empanel a jury to try all issues of fact;

3) that this Court declare that Defendants and each of them have violated the FLSA;

4) that this Court enter judgment in favor of the Plaintiff and against Defendants, jointly and severally, for the overtime wages owed to Plaintiff, being one and one-half times the Plaintiff's regular rate of pay for each hour worked over 40 in a week for the three-year period preceding the filing of the Complaint in this cause, all in an amount in excess of $22,696.15;

5) that this Court award to Plaintiff liquidated damages equal to the total amount of the overtime premium pay owed to her, in an additional amount in excess of $22,696.15;

6) that this Court award to Plaintiff reinstatement to the job she held prior to her termination, together with back-pay, front-pay, compensatory damages, liquidated damages, and punitive damages to the extent permitted by law;

7) that this Court award to Plaintiff pre-judgment interest on the total amount owed;

8) that this Court award to Plaintiff reasonable attorneys' fees and costs under the FLSA; and

9) that this Court award to Plaintiff such other, further relief to which Plaintiff may be entitled.

Dated February 24, 2021.

        Respectfully submitted,

By: */s/ D. Andrew Byrne*
D. Andrew Byrne, Esq.
Fla. Bar No. 0905356
New York Bar No. 4543120
Tenn. Bar No. 011431
Illinois Bar No. 6330729
**ANDREW BYRNE & ASSOCIATES, P.A.**
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
305-433-7835
305-433-5102 (fax)
andrew@byrnepa.com

and

By: */s/ Ryan B. Hobbs*
Ryan B. Hobbs
Florida Bar No: 44179
**BROOKS, LEBOEUF, FOSTER, GWARTNEY, LEACE & HOBBS, P.A.**
909 East Park Avenue
Tallahassee, FL 32301
Phone: 850-222-2000 / Fax: 850-222-9757
rhobbs@tallahasseeattorneys.com
jeanetta@tallahasseeattorneys.com

*Attorneys for Plaintiff*